**\*AMENDED BLD-131**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3774
_____

JEFFREY NATHAN SCHIRRIPA,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 15-cv-03649)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted on Appellant's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2016
Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2016)
_____

AMENDED OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jeffrey Schirripa appeals the District Court's order dismissing his petition to initiate condemnation proceedings pursuant to 50 U.S.C. § 213. For the reasons below, we will summarily affirm the District Court's order.

Without giving many details, Schirripa claimed in his petition to have invented a technology that could be used to incite rebellion against the United States. He asserted that the technology could also be used to protect the United States against acts of terrorism. He requested that the United States enter an "emergency defense contract" with him to allow the President to capture and protect his invention against public dissemination. It appears that his technology is related to marijuana as Schirripa argues that the criminalization of marijuana infringes upon the intellectual property rights of the United States Government. From the exhibits attached to the complaint, it appears that Schirripa is seeking the decriminalization of marijuana.

The District Court dismissed the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) & (6). The District Court stated that Schirripa would not be given leave to amend his complaint because it would be futile. After the District Court denied his motion to reopen the judgment filed pursuant to Fed. R. Civ. P. 60(b), Schirripa filed a notice of appeal from the order dismissing his petition. On appeal, he has filed a motion for summary action and an expedited evidentiary hearing.

We agree with the District Court that Schirripa has failed to state a claim. He has not shown that he has a private right of action that entitles him to enforcement of 50 U.S.C. § 213. See Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 66 (3d Cir. 2008)

2

(describing factors used to determine whether statute creates private right of action). Nor has he shown that he has standing to enforce the protection of intellectual property when he does not own or have a license for the patent. Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1376-77 (Fed. Cir. 2000). As for the criminalization of marijuana, the Supreme Court has upheld as constitutional the application of the Controlled Substances Act to the intrastate growth and possession of marijuana for personal medicinal purposes as recommended by a doctor. Gonzales v. Raich, 545 U.S. 1, 22 (2005). Because his arguments are without merit, the District Court did not err in denying Schirripa leave to amend his petition.

Schirripa has unsuccessfully raised these arguments in prior proceedings. See Schirripa v. United States, Fed. Cl. Civ. No. 14-cv-01031; Schirripa v. United States, Fed. Cl. Civ. No. 13-cv-00530; Schirripa v. United States, D.N.J. Civ. No. 12-cv-01777; Schirripa v. United States, D.N.J. Civ. No. 11-cv-06705. Schirripa is warned that duplicative litigation may lead to financial sanctions and filing restrictions. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Schirripa's motion for summary action, which asks that we summarily vacate the District Court's order and that we grant an expedited evidentiary hearing, is denied. Schirripa's remaining motions are denied.